IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

HUSSEIN ASFOUR,
    Petitioner,

v.

JANET NAPOLITANO, SECRETARY OF
THE DEPARTMENT OF HOMELAND
SECURITY; ALEJANDRO MAYORKAS,
ACTING DIRECTOR OF U.S.
CITIZENSHIP AND IMMIGRATION
SERVICES; and KAREN FITZGERALD,
ACTING DIRECTOR OF U.S.
CITIZENSHIP AND IMMIGRATION
SERVICES PHILADELPHIA DISTRICT
OFFICE; in their official capacities,
    Respondents.

CIVIL ACTION

NO. 10-CV-576

**August 9, 2010**　　　　　　　　　　　　　　　　　　　　　　　**Anita B. Brody, J.**

## MEMORANDUM

On February 9, 2010, Petitioner Hussein Asfour brought this action against Respondents -- Homeland Security Director Janet Napolitano, Acting Director of U.S. Citizenship and Immigration Services ("USCIS") Alejandro Mayorkas, and Acting Director of the USCIS Philadelphia Office Karen Fitzgerald, acting in their official capacities. Petitioner alleges that Respondents have failed to adjudicate his naturalization application within 120 days of his initial interview on January 12, 2009, as is required by statute. See 8 C.F.R. § 335.3(a) ("A decision to grant or deny the [naturalization] application shall be made at the time of the initial examination or within 120-days after the date of the initial examination of the applicant for naturalization under § 335.2."); 8 U.S.C. § 1447(b) ("If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is

conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter."). Petitioner requests that the Court adjudicate his naturalization application in accordance with section 1447(b). Alternatively, Petitioner requests that the Court "remand the application to USCIS with an order that it make a final determination of naturalization and provide an oath ceremony within fifteen days of said order." Doc. 1 at 3-4; see also 8 U.S.C. § 1447(b) (the Court "may either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter.").

On June 2, 2010, Respondents moved to remand this matter to USCIS, noting that "USCIS is prepared to make a final determination on petitioner's application for naturalization by June 14, 2010 or within seven (7) business days of the date of an Order remanding the matter, whichever is later." Doc. 7 at 3-4. Petitioner has not filed a response.

Where possible, remand is the preferred outcome in immigration cases. INS v. Ventura, 537 U.S. 12, 16-17 (2002) (noting that a court "should remand a case to an agency for decision of a matter that statutes place primarily in agency hands. This principle has obvious importance in the immigration context."); Haring v. U.S. Att'y Gen., No. 07-cv-1764, 2008 WL 2439878, at *1 (M.D. Fla. June 13, 2008) (quoting INS v. Ventura in the context of a section 1447(b) action); Al Daraji v. Monica, No. 07-cv-1749, 2008 WL 183643, at *3 (E.D. Pa. Jan. 18, 2008) (Restrepo, J.) (noting that "the 'vast majority' of district courts that have addressed the issue . . . [have concluded] that remand to USCIS is appropriate."). This is primarily because "USCIS is the proper adjudicator given its expertise in naturalization matters." Al Daraji, 2008 WL 183643, at *4. As such, I will grant Respondents' motion to remand this case to USCIS.

In order to ensure that the applicant is not prejudiced by further delay, courts have regularly instructed USCIS to complete its determination within a specific time frame upon remand. Haring, 2008 WL 2439878, at *2 (noting that a district court can remand under section 1447(b) with instructions "to adjudicate an application within a particular period of time."); Al Daraji, 2008 WL 183643, at *4 (remanding with a ninety-day deadline); Tutunikov v. Napolitano, No. 10-cv-1166, at *3 (E.D. Pa. June 1, 2010) (Diamond, J.) (remanding with a seven-day deadline); Manzoor v. Chertoff, 472 F. Supp. 2d 801, 810 (E.D. Va. 2007) (remanding with a 120-day deadline); Alawieh v. U.S. Att'y Gen., No. 09-cv-10413, 2009 WL 499135, at *3 (E.D. Mich. Feb. 26, 2006) (remanding with a forty-five-day deadline).

Here, Petitioner is willing to accept a remand to USCIS as long as his application is adjudicated, and his oath is administered, within fifteen days of a court Order. According to Respondents, USCIS has committed to making a final determination of Petitioner's naturalization status within seven business days of a court Order. Because both parties have agreed to such a compressed timeline, I will order that USCIS adjudicate Petitioner's naturalization application within seven business days of my Order, on or before August 18, 2010. Although Petitioner has asked that I order that USCIS administer the oath of citizenship within fifteen days of my Order, it would be inappropriate to do so here, where Petitioner's application has not yet been adjudicated.

To ensure that Petitioner's application is timely reviewed, I will additionally order USCIS to inform the Court and Petitioners promptly after it has completed its determination. I will retain jurisdiction over this case until I receive such notice. See Tutunikov, No. 10-cv-1166, at *3 (remanding to USCIS, but noting that "The Court shall retain jurisdiction to ensure that USCIS complies with this Order."); Al Daraji, 2008 WL 183643, at *8 (remanding to USCIS,

but noting that "The Court will retain jurisdiction over the matter during this interim time period to ensure that USCIS has complied with the Order.")

An appropriate Order follows.

_____
Anita B. Brody, J.


Copies VIA ECF on _____ to:      Copies MAILED on _____ to:


o:\ABB 2010\A - K\Asfour v Napolitano\10-576 memorandum re Motion to Remand.wpd